UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| JOSHUA LEE LEESE,<br><br>Plaintiff,<br><br>vs.<br><br>SHERIFF MICHAEL BLUM, Sheriff of Todd/Tripp/Mellette Counties, in his individual and official capacity; DEPUTY TREVOR WILLCUTS, Sheriff Deputy of Todd/Tripp/Mellette Counties, in his individual and official capacity; PROSECUTOR ALVIN PAHLKE, Prosecutor at Todd/Tripp County Courts, in his individual and official capacity; JUDGE BOBBI RANK, Judge of Todd/Tripp Counties, in her individual and official capacity; CITY OF WINNER/ WINNER CITY JAIL, Winner City in Todd/Tripp County, in their individual and official capacities; MUNICIPALITIES OF WINNER/TODD/TRIPP COUNTIES, Todd/Tripp County at State of South Dakota and respective Counties, in their individual and official capacities; JOHN DOES, unknown parties employed at unknown agencies, in their individual and official capacities; and SGT. OLD LODGE, Rosebud Reservation Law Enforcement, in his individual and official capacities,<br><br>Defendants. | 3:25-CV-03029-RAL<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND REQURING PLAINTIFF TO PAY AN INTIAL PARTIAL FILING FEE |

Plaintiff Joshua Lee Leese, an inmate at Kinross Correctional Facility in Kincheloe, Michigan, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. Leese filed a motion for leave to proceed in forma pauperis and provided the Court with his prisoner trust account report. Docs. 2, 3.

Under the Prison Litigation Reform Act, a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The Court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (alteration in original) (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Leese reports an average monthly balance for the past six months in his prisoner trust account of negative $28.59 and average monthly deposits of $356.61. Doc. 3 at 1. Based on this information, the Court grants Leese leave to proceed in forma pauperis, but he must pay an initial partial filing fee of $71.32 (20 percent of his average monthly deposits). Leese must pay the initial partial filing fee of **$71.32 by January 1, 2026**. His failure to pay the filing fee by January 1, 2026, will result in the dismissal without prejudice of his complaint.

Accordingly, it is

ORDERED that Leese's motion for leave to proceed in forma pauperis, Doc. 2, is granted. Leese will make a payment of **$71.32 by January 1, 2026**, made payable to the Clerk, U.S. District Court. If Leese does not pay the initial partial filing fee by January 1, 2026, his complaint will be dismissed without prejudice. It is further

ORDERED that the Clerk of Court will send a copy of this order to the appropriate financial official at Leese's institution. It is finally

ORDERED that the institution having custody of Leese is directed that whenever the amount in Leese's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Leese's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid in full.

DATED December 1st, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE